UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.                        CIVIL ACTION NO. 2:19-cv-00035

**$18,910 UNITED STATES CURRENCY**
**$15,440 UNITED STATES CURRENCY**
**ONE 5 OZ. GOLD BAR**
**ONE 1 OZ. GOLD COIN**
**EIGHTY 1 OZ. SILVER COINS**
**FIVE 5 OUNCES OF SMALL SILVER COINS**
**TWO 1 OZ. SILVER BULLETS**

        Defendants.

### VERIFIED COMPLAINT OF FORFEITURE

Comes now, the United States of America ("Plaintiff"), by and through its attorneys, Michael B. Stuart, United States Attorney for the Southern District of West Virginia, and Christopher R. Arthur, Assistant United States Attorney for the Southern District of West Virginia, and respectfully states as follows:

### NATURE OF THE ACTION

1. This is a civil action *in rem* brought on behalf of the United States of America, pursuant to 18 U.S.C. § 983(a), to

1

enforce the provisions of 21 U.S.C. § 881(a)(6), for the forfeiture of the defendants' property on the grounds that it was furnished or intended to be furnished in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

## THE DEFENDANT IN REM

2. The defendants' property is more particularly identified as follows:

i. $18,910 in United States Currency;

ii. $15,440 in United States Currency;

iii. One 1 oz. gold bar;

iv. One 1 oz. gold coin;

v. Eighty 1 oz. silver coins;

vi. Five ounces of small silver coins; and

vii. Two 1 oz. silver bullets.

The above items were seized on or about November 16, 2018, from the possession of Mr. Bill Barker ("Barker") at 2204 6th Avenue, Apt. B and Apt. C, Parkersburg, West Virginia 26101, or from the possession of an individual who was identified as "Chanthasaly".

## JURISDICTION AND VENUE

3. Plaintiff brings this action <u>in rem</u> in its own right to forfeit and condemn the defendant properties. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

5. Upon the filing of this verified complaint, the plaintiff requests that the Clerk of this Court issue an arrest warrant <u>in rem</u> pursuant to Supplemental Rule G(3)(b)(i), which the plaintiff will execute upon the seized personal property in the custody of the United States Marshals* Service, pursuant to Supplemental Rule G(3)(c).

## BASIS FOR FORFEITURE

6. The defendant properties are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it was purchased with cash that constitutes proceeds of the illegal sale of controlled substances.

## FACTS

7. On November 14, 2018, the Parkersburg Narcotics Task Force ("PNTF"), obtained a search warrant for 2204 6th Avenue, Apt. B., Parkersburg, West Virginia 26101 (hereinafter "residence") relating to a controlled purchase of suspected marijuana that had previously occurred at the residence. PNTF also had Information that a large shipment of marijuana would be arriving at the residence on November 16, 2018.

8. On November 15, 2018, a confidential informant notified PNTF that the shipment was going to be delivered by an individual who was identified as "Chanthasaly". An Ohio DMV records check for "Chanthasaly's" name revealed a 2016 Honda Acord, bearing Ohio registration plate GVK4721, and 2014 Toyota Tundra, bearing Ohio registration plate GVJ9612 registered in his name.

9. On November 16, 2018, PNTF and the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") observed a brown Toyota Tundra, bearing the registration number identified the previous day as "Chanthasaly's" Toyota Tundra, and followed the vehicle to Barker's residence.

10. After the driver, later identified as "Chanthasaly", exited Barker's residence, PNTF and ATF executed the warrant on the residence.

4

11. During the search, the following items were located and seized:

i. Sixteen (16) bags of suspected marijuana located in a safe in the living room;

ii. Four (4) bags of suspected marijuana located on the floor in the living room; and

iii. Thirteen (13) bags of suspected marijuana located in a safe in the bedroom.

12. In addition to the illegal substances, the defendant properties were seized. Some of the identified defendant properties were seized during a consent search of Barker's mother's residence, which was identified as 2204 6th Avenue, Apt. C, Parkersburg, West Virginia 26101. Barker's mother advised that the items that were seized from Apt. C, did not belong to her.

13. The occupant of the residence, Bill Barker ("Barker"), advised PNTF and ATF that he had been selling marijuana for approximately 29 years.

14. Barker disclosed that he had two sources of income— selling marijuana and social security.

15. Barker also admitted that "Chanthasaly" delivered marijuana to him on that day.

16. On the same day, PNTF and ATF initiated a traffic stop of "Chanthasaly's" vehicle and recovered $15,440. $15,000 of which was bundled in separate bands of $1,000 each.

17. PNTF contacted a K-9 unit who performed an exterior sniff of the vehicle. The K-9 indicated on the vehicle.

18. PNTF and ATF observed items consistent with the cultivation of marijuana inside the vehicle. These items consisted of two large buckets with dirt residue in them, a plastic freezer bag, tubing, and two water pressure regulators.

19. ATF further located a black duffle bag, and when opened, ATF immediately smelled a strong odor of marijuana coming from inside the bag. The bag also contained a large stack of U.S. Currency consisting of fifteen (15) smaller stacks each containing $1,000.00 for a total of $15,000 in U.S. Currency. An additional $420.00 was located on "Chanthasaly's" person and $20.00 was located in the center console of the vehicle.

20. For the foregoing reasons, the defendant properties are forfeitable to the United States, pursuant to 21 U.S.C. § 881(a)(6), because it was purchased with cash that constitutes proceeds of the illegal sale of controlled substances, specifically marijuana, a Schedule I controlled substance.

WHEREFORE, the United States prays that process of warrant <u>in rem</u> issue for the arrest of the defendant properties; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant properties be forfeited to the United States for disposition according to law; and that the United States be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

MICHAEL B. STUART
United States Attorney

By: s/Christopher R. Arthur
CHRISTOPHER R. ARTHUR
Assistant United States Attorney
WV State Bar No. 9192
300 Virginia Street, East
Room 4000
Charleston, WV  25301
Telephone:  304-345-2200
Fax:  304-340-7851
E-mail: chris.arthur@usdoj.gov

**VERIFICATION**

STATE OF WEST VIRGINIA

COUNTY OF KANAWHA, TO-WIT:

I, Sean M. McNees, Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That the foregoing Complaint for Forfeiture in rem is based upon reports and information I personally have prepared or gathered and which have been provided to me by various law enforcement personnel, and that everything contained therein is true and correct to the best of my knowledge and belief, except where stated to be upon information and belief, in which case I believe it to be true.

Executed on January 9, 2019.

SEAN M. MCNEES
Special Agent

Taken, subscribed and sworn to before me this 9th day of January, 2019.



Notary Public

My commission expires on April 26, 2020.

8

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
$18,910 in U.S. Currency, $15,440 in U.S. currency, one 5 oz. gold bar, one 1 oz gold coin, eighty 1 oz. silver coins, five 5 oz. small silver

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Wood
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*
con't from above
coins, two 1 oz. silver bullets

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability — ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine — ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle — **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability — ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury — ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice — ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |  — ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
|  |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights — **Habeas Corpus:** |  |  | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting — ☐ 463 Alien Detainee |  | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment — ☐ 510 Motions to Vacate Sentence |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations — ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment — ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other — **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education — ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  |  — ☐ 555 Prison Condition |  |  |  |
|  |  — ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. 881(a)(6)
Brief description of cause:
Forfeiture of drug proceeds

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 1/10/19
SIGNATURE OF ATTORNEY OF RECORD  *Chris R. Arth*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____